IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TUNA PROCESSORS, INC., a
California corporation,

    Plaintiff,

v.

ANOVA FOOD, INC., a Georgia
corporation,

    Defendant.

Civ. No. 07-6192-AA

OPINION AND ORDER

Carl D. Crowell
Michelle L. H. Ing
David W. Sherman
Crowell Ing, LLP
P.O. Box 923
Salem, OR 97308
    Attorneys for plaintiff

Shawn M. Lindsay
Markowitz, Herbold, Glade
& Mehlhaf, P.C.
Suite 3000 Pacwest Center
1211 S.W. Fifth Avenue
Portland, OR 97204
    Attorney for defendant

AIKEN, Judge:

On July 30, 2007, plaintiff filed suit against defendant Anova Foods, Inc. (Anova) alleging patent infringement. Anova moves to dismiss plaintiff's claim for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and to disqualify plaintiff's counsel. On October 25, 2007, the court heard oral argument on Anova's motion to dismiss. I find that personal jurisdiction over Anova is lacking and grant the motion to dismiss. Therefore, I do not address the motion to disqualify.

## FACTS

Plaintiff Tuna Processors, Inc. is a California corporation with its principal place of business in Temecula, California. Plaintiff allegedly owns United States Patent No. 5,484,619 (the '619 patent), issued on January 6, 1996 and entitled "Method for Curing Fish and Meat by Extra-Low Temperature Smoking."

Anova is a Georgia corporation with its principal place of business in Tampa, Florida. Anova is in the business of marketing food products, including tuna. Generally, Anova sells its products to unrelated companies who then distribute the products to various locations in the United States and worldwide. Anova is not licensed to do business in Oregon, and it does not maintain a registered agent in Oregon. It has no officers, employees, manufacturing facilities, offices, or assets in Oregon.

On July 30, 2007, plaintiff filed suit against Anova alleging

infringement. Specifically, plaintiff alleges that Anova processes and/or sells tuna treated by an extra-low temperature smoking method that infringes the '619 patent. Complaint, ¶ 6. In response, Anova moves to dismiss for lack of personal jurisdiction.

## DISCUSSION

Federal Circuit law, rather than that of the regional circuit in which the case arose, applies when determining whether personal jurisdiction exists over a non-resident accused infringer. Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998); Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995). Accordingly, the court considers whether the forum state's long-arm statute permits the assertion of jurisdiction and whether the assertion of personal jurisdiction violates federal due process. 3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1376-77 (Fed. Cir. 1998); Red Wing, 148 F.3d at 1358. Oregon's catch-all jurisdictional rule confers personal jurisdiction coextensive with due process. Or. R. Civ. P. 4L. Thus, the analysis collapses into a single framework and the court proceeds under federal due process standards. Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found., 297 F.3d 1343, 1350 (Fed. Cir. 2002).

Due process requires that a defendant, if not present in the state, "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair

play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation and quotation marks omitted). Minimum contacts can be demonstrated through facts supporting either general or specific jurisdiction over the defendant. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 & n.8 (1984). A plaintiff must establish personal jurisdiction through a prima facie showing of jurisdictional facts. Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003).

General jurisdiction refers to the authority of a court to hear any cause of action involving a defendant, regardless of whether the cause of action arose from the defendant's activities within the forum state. Helicopteros, 466 U.S. at 414; Silent Drive, 326 F.3d at 1200. For a court to assert general jurisdiction, the defendant must have "continuous and systematic" contacts with the forum state. Helicopteros, 466 U.S. at 416; Red Wing, 148 F.3d at 1359.

Specific jurisdiction refers to a situation in which the cause of action arises directly from the defendant's contacts with the forum state. See, e.g., Burger King v. Rudzewicz, 471 U.S. 462, 472-73 & n.15 (1985); Silent Drive, 326 F.3d at 1200. The Federal Circuit employs a three-part test to determine whether the exercise of specific jurisdiction comports with due process. HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1307-08 (Fed. Cir. 1999); Akro,

45 F.3d at 1545. First, the defendant must purposefully direct its activities at the forum, thereby invoking the benefits and protections of the forum and having "fair warning" that a particular activity may subject it to jurisdiction. See Burger King, 471 U.S. at 472, 475. Second, the claim must be one which arises out of or results from the defendant's forum-related activities. HollyAnne, 199 F.3d at 1308. Third, the court's exercise of jurisdiction must be reasonable. Id. at 1307-08; Akro, 45 F.3d at 1545-46.

Regardless of whether the situation involves general or specific jurisdiction, "contacts only add to the quantum for personal jurisdiction when purposefully directed at the forum or its residents. 'Random,' 'fortuitous,' or 'attenuated' contacts do not count in the minimum contacts calculus." Red Wing, 148 F.3d at 1359 (citing Burger King, 471 U.S. at 475).

A.  General Jurisdiction

It is undisputed that Anova's principal place of business is in Tampa, Florida. Anova is not registered to conduct business in Oregon, and it has no registered agents, officer, employees, or sales representatives located in Oregon. Aside from two sales of tuna over the Internet, Anova has not conducted direct sales of its products in Oregon, and it has no manufacturing facilities or regular distribution network in Oregon.

Plaintiff implies that general jurisdiction over Anova is

proper, because Anova maintains an "interactive" website. See Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418-19 (9th Cir. 1997). However, plaintiff presents no evidence that the Anova website facilitates "continuous and systematic" contacts with residents of this forum. Bird v. Parsons, 289 F.3d 865, 874 (6th Cir. 2002) ("The ability of viewers to register domain names on the website does not alter our conclusion, because the website, in this respect, simply enables [the defendants] to do business with Ohio residents, a fact that does not permit general jurisdiction."); see also Millennium Enter., Inc. v. Millennium Music, LP, 33 F. Supp. 2d 907, 910 (D. Or. 1999). Accordingly, I find that plaintiff fails to establish general jurisdiction over Anova.

B. Specific jurisdiction

Plaintiff argues that specific jurisdiction is appropriate, because the sale of tuna to Oregon residents through Anova's website constitutes purposeful availment of this forum and gives rise to plaintiff's claim. Specifically, plaintiff relies on one order of tuna purchased via Anova's website in March 2007 by Jeff Trembly, a Salem resident. After reviewing its internet purchase orders, Anova discovered that a second Oregon resident ordered tuna through its website, for a total of two sales of tuna in Oregon. Plaintiff maintains that the sales and marketing of Anova products via its website cannot be characterized as random, isolated, or fortuitous.

Plaintiff may be correct that the sale of allegedly infringing tuna to Oregon residents satisfies the second prong of the specific jurisdiction analysis: that the cause of action arise from the defendant's contacts with the forum state. See Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1571 (Fed. Cir. 1994) (injury to patent holder occurs where infringing sales are made). However, plaintiff is incorrect that two Internet sales of tuna meet the first prong of purposeful availment.

Plaintiff relies on the "stream of commerce" theory to argue that Anova's two sales of tuna resulted from its efforts to serve the Oregon market, citing Beverly Hills Fan Co. However, unlike Beverly Hills Fan Co., the facts relied on by plaintiff to establish personal jurisdiction do not involve injecting products into the "stream of commerce." Regardless, Anova has no distribution network designed to bring its products into Oregon. This fact is crucial: the presence of an established distribution channel is a "significant factor" favoring jurisdiction in cases involving the stream of commerce theory. Beverly Hills Fan, 21 F.3d at 1565 & n. 15 (jurisdiction founded on defendant's having "purposefully shipped the accused fan into [forum] through an established distribution channel"); see also Viam Corp. v. Iowa Export-Import Trading Co., 84 F.3d 424, 429 (Fed. Cir. 1996) (defendant "knowingly and intentionally exploited the [forum's] market through its exclusive distributor's advertising . . . and by

establishing channels for providing regular advice in [forum]"); N. Am. Philips Corp. v. Am. Vending Sales, Inc., 35 F.3d 1576, 1580 (Fed. Cir. 1994) (defendant manufacturers "voluntarily placed a substantial quantity of infringing articles into the stream of commerce conscious that they were destined for" the forum state).

It is undisputed that Anova does not conduct business in Oregon, and it does not advertise or solicit business in a manner specifically directed at Oregon. Further, plaintiff presents no evidence that Anova encouraged Oregon residents to access its website, or that it made deliberate and repeated contacts with Oregon residents through its website. Although Anova possibly could foresee that its tuna products might be purchased by Oregon consumers via its website, this is too attenuated to constitute purposeful availment of Oregon's laws and protections. See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275 (Fed. Cir. 2005) ("The difficulty is that Pedre's website is not directed at customers in the District of Columbia but instead is available to all customers throughout the country who have access to the Internet. Thus the ability of District residents to access the defendants' websites . . . does not by itself show any persistent court of conduct by the defendants in the District.") (internal citation and quotation marks omitted).

Thus, in the absence of an established distribution channel, a local sales force, or local advertising, I conclude that two

establishing channels for providing regular advice in [forum]"); N. Am. Philips Corp. v. Am. Vending Sales, Inc., 35 F.3d 1576, 1580 (Fed. Cir. 1994) (defendant manufacturers "voluntarily placed a substantial quantity of infringing articles into the stream of commerce conscious that they were destined for" the forum state).

It is undisputed that Anova does not conduct business in Oregon, and it does not advertise or solicit business in a manner specifically directed at Oregon. Further, plaintiff presents no evidence that Anova encouraged Oregon residents to access its website, or that it made deliberate and repeated contacts with Oregon residents through its website. Although Anova possibly could foresee that its tuna products might be purchased by Oregon consumers via its website, this is too attenuated to constitute purposeful availment of Oregon's laws and protections. See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275 (Fed. Cir. 2005) ("The difficulty is that Pedre's website is not directed at customers in the District of Columbia but instead is available to all customers throughout the country who have access to the Internet. Thus the ability of District residents to access the defendants' websites . . . does not by itself show any persistent court of conduct by the defendants in the District.") (internal citation and quotation marks omitted).

Thus, in the absence of an established distribution channel, a local sales force, or local advertising, I conclude that two

sales of Anova tuna products via the Internet were random and fortuitous contacts rather than the result of purposeful conduct directed at this forum. Cybersell, 130 F.3d at 418-19; Millennium, 33 F. Supp. 2d at 921 (declining to assert jurisdiction where defendants took no "action creating 'a substantial connection' with Oregon, or deliberately engaged in 'significant activities' within Oregon, or created 'ongoing obligations' with residents of Oregon" through their website). The Anova website simply is not "conduct and connection" with Oregon such that Anova should "reasonably anticipate being 'haled' into court here." Millennium, 33 F. Supp. 2d at 921.[1] Accordingly, I find that plaintiff fails to establish purposeful availment of this forum.

Regardless, I find that Anova "present[s] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King, 471 U.S. at 477.

> The Supreme Court has provided a list of five factors to consider in determining the fairness of asserting personal jurisdiction over a defendant, consisting of: "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies."

---

[1] Plaintiff argues that by seeking disqualification of counsel in this action, Anova has sought protection of the laws of this forum. Aside from the questionable nature of this argument, plaintiff's patent infringement claim does not arise from Anova's motion to disqualify counsel.

Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., 444 F.3d 1356, 1367 (Fed. Cir. 2006) (quoting Burger King, 471 U.S. at 477).

As explained above, Anova has not purposefully interjected itself into this forum to any significant degree. Further, while the age of electronic filing decreases defendant's burden of litigating this action in Oregon, plaintiff does not dispute the assertion that it is not registered to conduct business in Oregon and has few, if any, contacts with this forum. Thus, it is unlikely that witnesses or evidence are located in Oregon. While Oregon possesses an interest in preventing the sale of infringing products, this forum is not necessarily important to plaintiff's interest in convenient and effective relief. Moreover, alternative forums exist to vindicate plaintiff's interests; plaintiff alleges that Anova distributes its products nationally, and Anova has filed suit against plaintiff in the Eastern District of Virginia. Thus, I find that consideration of the above factors, particularly the lack of contacts with this forum, renders the exercise of personal jurisdiction over Anova unreasonable.

C. Jurisdictional Discovery

Plaintiff requests jurisdictional discovery if the court is inclined to grant Anova's motion, primarily on the basis that in the past seven years Anova has sent two or three shipments of food products to Oregon at the request of a distributor. Plaintiff contends that discovery is warranted because the distributor,

Pacific Seafood, might be an Oregon corporation. I decline to allow jurisdictional discovery. Notably, plaintiff filed suit against Anova in Oregon on the basis of one Internet sale of allegedly infringing tuna to an Oregon resident. Plaintiff did not allege or claim that Anova had an established distribution channel in Oregon, and no evidence presented thus far suggests that Anova injected allegedly infringing tuna products into the stream of commerce through an established Oregon distribution network. Beverly Hills Fan, 21 F.3d at 1565. Thus, plaintiff has failed to make a prima facie showing of purposeful availment in response to defendant's motion and instead relies on speculation that one of Anova's distributors might be located in Oregon. See Carefirst Of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th Cir. 2003) ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery."); Estate of Bank v. Swiss Valley Farms Co., 286 F. Supp. 2d 514, 521 (D. Md. 2003) ("Where, as here, the evidence 'falls far short' of pointing towards personal jurisdiction, this court is within its discretion in denying discovery.").

Accordingly, I find plaintiff's allegations insufficient to support jurisdictional discovery, given both plaintiff's and Anova's lack of contacts with this forum and my finding that jurisdiction is not reasonable in any event.

D. Dismissal or Transfer

If personal jurisdiction is lacking, a court may dismiss the case or, in the alternative, transfer it to the appropriate jurisdiction "in the interests of justice." 28 U.S.C. § 1631; see also 28 U.S.C. § 1406(a). Although during oral argument I indicated an inclination to transfer this matter to the District Court for the Central District of California (where the parties concede the action could have been brought), I have reconsidered and decline to do so. I do not find that transfer would promote the interests of justice or judicial economy where plaintiff may raise its patent infringement claim in the action currently pending in the Eastern District of Virginia.

## CONCLUSION

Defendant's Motion to Dismiss (doc. 16) is GRANTED, and defendant's Motion to Disqualify (doc. 22) is DENIED as moot. IT IS SO ORDERED.

Dated this \_\_/\_\_ day of November, 2007.

_____
Ann Aiken
United States District Judge